UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Respondent | )<br>)<br>) |
| V | )DIST. CRIM. 97-00074 (DRD)<br>) |
| JESUS PEREZ-CRUZ<br>Movant | )DIST. CIV.<br>) |

MEMORANDUM IN SUPPORT
OF PETITION UNDER § 2255

STATEMENT OF THE FACTS

On June 27, 2004, the same five Justices who decided **Apprendi v New Jersey,** 530 U.S. 466 (2000), extended **Apprendi** to a sentencing guidelines system in the State of Washington. The Court held that "the statutory maximum" for **Apprendi** purposes is the maximum sentence a judge may impose solely "on the basis of the facts reflected in the jury's verdict or admitted by the defendant". See **Blakely v Washington,** 542 U.S. 296, 124 S.Ct. 2531, 2536, (2004). Lest there be any ambiguity about the meaning of this statement Justice Scalia for the Court added: In other words, the relevant "statutory maximum" is not the maximum, sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment... and the judge exceeds his proper authority. **id** (citation omitted). Further this rubric of law applies just as well to the facts admitted to by the

defendant who has plead guilty.

On January 12, 2005, the Supreme Court held that the Court's holding as to the Washington State's determinate sentencing scheme likewise applied to the Federal Sentencing Guidelines. See **United States v Booker,** 543 U.S. _____, 125 S.Ct. 738, 160 LEd2d 621 (2005).

However the Supreme Court as of this date has not ruled **Booker** to be retroactive.

On June 20, 2005, the Supreme Court decided **Dodd v United States,** No. 04-5286, the Court held that 28 U.S.C. § 2255 ¶6(3), which provides that § 2255's 1-year limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review".

Further the 1-year limitation period under 2255 ¶6(3), applies to "all motions" under § 2255, initial motions as well as second or successive ones. See § 2255 ¶8(2). In short in order to place the Supreme Court's holding in **Booker** before a court on a collateral attack, the claim in order to be timely must be placed before the applicable court on or before one year after the Supreme Court's ruling in **Booker** which as noted was decided on January 12, 2005, hence placed before the court no later than January 12, 2006.

## DISCUSSION

In this instant case the movant's sentence was enhanced beyond the maximum sentence than the guidelines allowed. This

increase in the maximum sentence was based upon additional facts found by the judge and not the jury nor facts admitted by the defendant. Therefore the increased sentence violated movant's Fifth Amendment Due Process and Sixth Amendment right to trial by jury, because as noted **Blakely/Booker** simply "reaffirmed" the Court's holding in **Apprendi** that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt.

However as mentioned the Supreme Court has not held **Booker** to be retroactive to cases on collateral review, but in order to preserve the **Booker** issue, movant request that the Court accept this application and dismiss it without prejudice subject to re-filing at such time as the Supreme Court renders a decision in favor of retroactivity.

In **Grey-Bey v United States,** 209 F3d 986,988 (7th Cir. 2000) the Seventh Circuit indicated that a new rule that is retroactive for collateral attack is not "available" for a § 2255 motion until the Supreme Court has clearly ruled that this is the case. For example as **Bailey v United States,** 516 U.S. 137 (1995) was held retroactive by **Bousely v United States,** 523 U.S. 614 (1998).

The Seventh Circuit held that under this logic, just as it does with applications relying on unexhausted claims, it would dismiss such an application without prejudice to re-filing at such time as the Supreme Court renders a decision in favor of

retroactivity. See **Hernandez v United States**, 226 F3d 839,841 (7th Cir.2000).

In **Dodd** the Supreme Court realized that there was the potential for harsh results due to its holding in the **Dodd** case. This Court by accepting movant's application and then dismissing it without prejudice would mitigate this harshness.

## CONCLUSION

For the forgoing reasons the Court should dismiss movant's application without prejudice subject to re-filing at such time that the Supreme Court renders a decision in favor of retroactivity.

Date: Jan. 10-06

Jesus Perez-Cruz
Reg. No. 14940-069
P.O. Box 1000
Otisville, NY 10963

-4-