UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RECEIVED & FILED
2008 JAN 25 PM 2: 10

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

JESUS PEREZ-CRUZ,
   Movant

v.

UNITED STATES OF AMERICA,
   Defendant

Crim.Case No. 97-74(DRD)

---

MOTION FOR RETURN OF PROPERTY PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, Rule 41(g), <u>BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL NARCOTICS BUREAU</u>, OR ANY CIVIL REMEDY TO APPLY THE PRINCIPLES OF EQUITY AND JUSTICE

---

Comes now, Jesus Perez-Cruz, pro se, movant, (hereinafter "movant") and respectfully request this Court to Order the United States government to return the property seized from his person, on April 11, 1997, or, alternatively the monetary value of the personal property seized.

The movant seeks adjudication pursuant to <u>Haines v. Kerner</u>, 404 US 519 (1972). In support of this request the movant puts forth the accompanying Memorandum of Law.

Respectfully Submitted,

*Jesús Pérez-Cruz*
Jesus Perez-Cruz, pro se
Reg.No. 14940-069
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

1-17-08
Dated

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JESUS PEREZ-CRUZ,
        Movant

v.                                  Crim. Case No. 97-74(DRD)

UNITED STATES OF AMERICA,
        Defendant

---

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RETURN OF PROPERTY
PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 41(g),
BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL NARCOTICS BUREAU,
OR ANY CIVIL REMEDY TO APPLY THE PRINCIPLES OF EQUITY AND JUSTICE

---

Comes now, Jesus Perez-Cruz, pro se, movant, (hereinafter "movant") and respectfully request this Court to Order the United States government to return the property seized from his person on April 11, 1997, or, alternatively, the monetary value of the personal property. In support of this request the movant puts forth the following:

JURISDICTION:

1. The District Court has jurisdiction to return the defendant's property pursuant to Federal Rules of Civil Procedure, Rule 41(g), or alternatively, treat it as a civil complaint pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 US 388 (1971), for intentional deprivation of property without due process. The District Court may also apply any one of several available civil statutes to allow equitable relief. See Onwubiko v. United States, 969 F.2d 1392 (2nd Cir. 1992) (remanding case to district court, citing various examples of jurisdiction at the district court's disposal to act and

return property).

ARGUMENT

2. The movant was arrested pursuant to federal drug charges at his home in Rio Piedras, Puerto Rico on April 11, 1997. (Street Terragona, Urbanization Matienzo Cintron, Num. #535, Rio Piedras, Puerto Rico).

3) Pursuant to a search warrant the investigators searched the movant's dwelling and seized various items belonging to the movant and his wife. Most of these items were seized, presumably, to be inspected for potential evidence of the charges against the movant and his wife. (See Att.List). The movant's wife was also charged and ultimately pled guilty to charges.

4. The movant was then transported to the FBI Building in Hato Rey, Puerto Rico, where he was processed.

5. It was in the FBI Building in Hato Rey where the movant was stripped searched and his personal property confiscated which included the items in question. (address book and Rolex Watch). (See Att.List).

6. The agents put the property in an envelope and told the movant his property would be returned to him upon conclusion of the case.

7. The movant, his attorney, Miriam Ramos Grateroles, nor the movant's family never received the property taken from the movant's person. Also, none of the above ever received any information from the government as to it's return since the date it was confiscated.

8. The movant and his wife ultimately pled guilty to the federal

drug charges and the movant was sentenced on April 21, 1999 to a term of 27 years.

9. No fine, restitution or any financial obligation was imposed upon the movant as part of his sentence. The movant was never informed of any forfeiture proceedings, timely or otherwise. The movant was only required to pay a $100. Court assessment fee.

10. The movant was designated to a Federal Facility, Allenwood, in White Deer, PA and later transferred to FCI Otisville, Otisville, NY where he is currently incarcerated.

11. The movant's wife was incarcerated at FCI Tallahassee, where she was later contacted by the government to return some of her property. Various items of her jewelry were returned to her.

12. The government nor the Court contacted the movant to return the items of property taken from his person. The movant received no further information, whatsoever, regarding the status of his personal property.

13. In the past 18 months a series of endorsements for federal parole or sentence reductions have been proposed that would possibly render the movant eligible for early release. (i.e. "Second Chance Act", House of Representatives Parole Bill, etc.).

14. Based on these possibilities the movant sought to contact friends and family members regarding employment possibilities and strengthen his family ties. And, the movant desired to pass his watch on to his oldest son who is now becoming a young man. The movant had no previous need for his address book nor an expensive watch in jail.

15. The movant made several attempts to contact the government

to return his personal property, as was promised by the government. These attempts consisted of telephone calls via the movant's family members and two (2) letters directly to the AUSA Jacabed Rodriguez Coss, on October 11, 2007 and November 14, 2007. (See Att. Letters). All of these efforts went unanswered.

16. Because the property in question was taken from the movant's person, it's return promised by the government "at the conclusion of the case", in conjunction with the facts that the case is final, the movant's wife's property has been returned and the movant has no financial obligation to the government nor the Court, this Court should order the government to return the movant' personal property forthwith. (i.e. address book and Rolex watch).

17. It is well settled that once a criminal proceeding is final the District Court should treat Rule 41(g) motions as equitable civil complaints. See, United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995). And, "a federal district court has post conviction jurisdiction on a motion to order return of property lawfully seized pursuant to a warrant." United States v. Wright 610 F.2d 930 (D.C. Cir. 1979). See also, United States v. Farrell, 606 F.2d 1341 (D.C. Cir. 1979) (government's right to seize and retain evidence does not entitle government to it's retention after trial, much less it's forfeiture). Both cases cited in United States v. Cills, 698 F.Supp. 22 (D.Puerto Rico 1988).

18. Here, the facts are clear that the property was taken from the movant's person, it's return promised by the government upon

4

conclusion of the case, the case is final and the movant has no financial obligation to the Court nor the government. Hence, the principles of equity and fairness dictate that the government is ordered to return the property to the movant forthwith.

19. For the foregoing reasons the movant respectfully request this Court Order the government to return the movant's address book and Rolex watch, or, alternatively, fair monetary value of these items.

20. The movant makes the above declaration with the understanding of the penalty of perjury pursuant to 28 U.S.C. § 1746.

Respectfully Submitted,

Jesus Perez-Cruz
Jesus Perez-Cruz, pro se
Reg. No. 14940-069
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

1-17-08
Dated

5

VERIFICATION

I, Jesus Perez-Cruz, being duly sworn, upon oath, deposes and say: that the enclosed motion has been read by me and that the facts herein are true and correct to the best of my knowledge. I make this statement with the understanding of the penalty of perjury, 28 U.S.C. § 1746.

___JESUS PEREZ-CRUZ___        ___1-17-08___
Jesus Perez-Cruz                Dated


CERTIFICATE OF SERVICE

I, Jesus Perez-Cruz, hereby certifies that on 17th day of January, 2008 I served an original and a copies via U.S. Mail at F.C.I. Otisville, P.O. Box 1000, Otisville, NY 10963 mailbox to the following:


Clerk of The Court
U.S. District Court
District of Puerto Rico
U.S. Courthouse
150 Carlos Chardon Ave., 150
San Juan, PR 0918-1767

AUSA, Jacabed Rodriguez Coss
U.S. Attorneys Office
150 Chardon Ave.
Hato Rey, PR 00918

6