UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RECEIVED & FILED
2008 APR 14 PM 2: 44
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 97-74(DRD) |
| JESUS PEREZ-CRUZ | : |

MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO
18 U.S.C. § 3582(c)

Comes now, Jesus Perez-Cruz, pro se, defendant, (hereinafter "defendant") and respectfully request this court remand him back to the District Court to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based on U.S.S.G. retroactive Amendment 711, for crack cocaine.

In support of this request the defendant puts forth the accompanying Memorandum of Law and seeks adjudication pursuant to Haines v. Kerner, 404 US 519 (1972).

Respectfully Submitted,

Jesus Pérez-Cruz                                                4-09-08
Jesus Perez-Cruz, pro se                                        Dated
Reg. No. 14940-069
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA     :
                             :
         v.                  :  Case No. 97-74(DRD)
                             :
JESUS PEREZ-CRUZ             :

---

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR MODIFICATION
OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)

---

Comes now, Jesus Perez-Cruz, pro se, defendant, (hereinafter "defendant") and respectfully request this court remand him back to the District Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

In support of this request the defendant puts forth the following:

JURISDICTION:

This Court has jurisdiction pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission Amendments 706 and 711 for crack cocaine being declared retroactive as of March 3, 2008.

STANDARD:

"It is well settled that absent an ex-post facto problem, the district court must apply the version of the Sentencing Guidelines in effect on the date of resentencing|'" United States v. Forty Estremera, 498 F. Supp. 2d 468, 471 (D.Puerto Rico 2007), Affirmed, March, 2008, quoting United States v. Mateo Espejo, 426 F.3d 508, 510 n.1 (1st Cir. 2005).

The version of the Sentencing guidelines in effect at this

time is the advisory scheme pursuant to United States v. Booker, 543 US 220 (2005). Under this scheme the court will begin by calculating the applicable guideline range then, "we will evaluate the factors set forth in 18 U.S.C. § 3553(a) to determine whether or not a guideline or non-guideline sentence is warranted." Estremera, supra, at 472; citing United States v. Gilman, 478 F.3d 440, 444 (1st Cir. 2007); United States v. Jimenez Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006) and United States v. Thurston, 456 F.3d 211, 215 (1st Cir. 2006).

SALIENT FACTS

1. The defendant was arrested on April 11, 1997 on drug conspiracy charges pursuant to 21 U.S.C. § 846. On November 9, 1998 the defendant pled guilty to these charges. The plea agreement included, inter alia, "knowingly and intentionally" distributing at least 1.5 kilograms of crack cocaine. (See PSR ¶ 2). On April 21, 1998 the defendant was sentenced to a term of 27 years imprisonment, with a base offense level of 38, which the court deemed "appropriate." (Sent.Tr.p.11). The defendant's projected release date is October 18, 2020.

2. The defendant has been incarcerated since his arrest in 1997. While in the Bureau of Prisons (BOP) the defendant has taken approximately 26 programs for vocational and life skills. (See Att). The defendant is currently on the waiting list of a variety of additional programs. The defendant has worked at the UNICOR factory throughout his incarceration and has maintained an excellent work record. The defendant has had **NO** incident reports throughout his entire stay in the BOP and his progress reports

and conduct is excellent. (Att.)

3. The defendant is from the barrio in Puerto Rico and came to the BOP with a history of substance abuse. The defendant has completed several phases of drug rehabilitation and has never given a dirty urine. (See Att.) The defendant has participated in these programs from day one, which was not mandatory, in the BOP. When the defendant entered the BOP he was serving a mandatory 27 year sentence with no parole which was abolished. There was also no basis for any resentencing foreseeable when the defendant entered the BOP.

## ARGUMENT

Because the defendant can comply with the requirements of U.S.S.G. 1B1.10, Application Note 1. (A) "Eligibility" and (B) "Factors for Consideration", this Court should remand him for a modification of sentence pursuant to § 3582(c)(2) and impose a sentence in accordance with United States v. Booker, 543 US 220 (2005).

The Amendments to 1B1.10, Application Note 1., effective March 3, 2008, set forth the standard for modification of sentences under § 3582(c)(2). Summarily, eligibility is triggered only by an Amendment that lowers the applicable guideline range. (App.Note 1.(A)). Then, "the court shall consider the factors set forth in § 3553(a)"; the danger, if any, "to the community if the defendant's term of imprisonment is lowered", and; "the post conviction conduct of the defendant that has occurred after the imposition of the original term of imprisonment..." (App.Note 1.(B)).

3

A detailed examination of the facts establish that the defendant can meet all of these criteria. First, the Sentencing Commission has declared Amendments 706 and 711 for "crack cocaine" retroactive. This complies with Application Note 1.(A). Second, the defendant has credible evidence to establish that reasonable grounds exists to impose a non-guideline sentence using the "factors for consideration."; (i) § 3553(a) will be explained in full detail below; (ii) the B.O.P. records establish that the defendant's 11 years of incarceration has produced an individual that poses no danger to the community, hence the "public safety consideration" is satisfied, and; (iii) the defendant's post sentencing conduct has been so extraordinary that this Court should review it thoroughly and impose the most lenient reasonable sentence. (Fac.Sec. ¶ 2)(U.S.S.G. Supplement, March 3, 2008) (1B1.10, App.Note 1.) These factors are set forth in detail below, in the analysis of the § 3553(a) factors.

The defendant's past is well documented as a youth from the barrio in Puerto Rico which included drug use and violent activities, which were common to persons in that environment. See, United States v. Cirilo-Munoz, 504 F.3d 106, 124-25 (1st Cir. 2007) (explaining typical characteristics of youth in Puerto Rico's barrio). However, post arrest and conviction the defendant has engaged in self rehabilitation that is exceptional. The defendant was designated to one of the most violent penitentiaries in the United States, USP Allenwood. For the past 7 years the defendant has been in a Medium High facility, FCI

Otisville. Bureau of Prisons records establish that both facilities are gang ridden with numerous reports of violence and even deaths. However, despite the defendant's pre-arrest characteristics he has impeccable conduct and has never participated in any gang related activity, whatsoever. The defendant has not had a single incident report, even for a dirty cell. Not one. This Court's experience in sentencing defendants should agree that this fact, in itself, is beyond "exceptional."

The defendant has developed a serious work ethic by working in the UNICOR factory and, as such, has developed electrical skills as a vocation. The defendant has participated in approximately 26 programs and is currently on the waiting list for several others. (<u>See Att.</u>) A review of the record establishes these programs range from graduating GED, Business Skills, Calligraphy and Textiles Production to Parenting, Fathers Behind Bars and mentoring of youths, covering both vocational and life skills. This assortment will enable the defendant to maintain the quality of character that he has developed.

Since the government opposition to the remand may include the BOP progress reports for denial of a sentence modification, this same evidence should be evaluated for extraordinary post conviction characteristics to warrant a further departure and a non-guideline sentence. See, <u>1B1.10, App.Note 1.(B)(iii)</u>). This is not the same defendant that was before this court on April 21, 1999.

This Circuit has allowed for non-guideline sentences, pre and post <u>Booker</u> when the defendant, as here, has exhibited

5

extraordinary post conviction rehabilitation. See, <u>United States v. Sklar</u>, 920 F.2d 107, 115-117 (1st Cir. 1990) (noting rehabilitation can be so extraordinary that it may not have been adequately taken into consideration by the guideline). See also, <u>United States v. Craven</u>, 239 F.3d 91, 98-99 (1st Cir. 2001) (upholding departure, citing <u>United States v. Koon</u> for post conviction rehabilitation); <u>United States v. Wilkes</u>, 130 F. Supp. 2d 222, 240 (D.Mass. 2001) (granting non-guideline sentence for "exceptional" characteristics). See also, <u>United States v. Harrington</u>, 808 F. Supp. 885, 886 (D.C.Dist.1992) (granting departure for "exceptional" post conviction rehabilitation); <u>United States v. Rodriguez</u>, 724 F. Supp. 1118 (S.D.N.Y. 1989) (granting departure pre <u>Booker</u> for "exceptional" characteristics based on post arrest rehabilitation, of remaining drug free, improving vocational skills, maintaining gainful employment and reunited family ties).

Applying these standards within the overall factors of § 3553(a), as required, a reasonable non-guideline sentence upon remand is justified.

Using the guidance of <u>United States v. Giggey</u>, 501 F.3d 237, 247 (1st Cir. 2007) which relied on the Supreme Court's holding in <u>Rita v. United States</u>, 127 S Ct. 2456, 2465 (2007), "to treat the guidelines sentence as non presumptive, and look at the section 3553(a) enumerated factors." <u>Id.</u> at 247, the defendant puts forth the following:

(1) The nature and circumstances of the crime and the defendant's characteristics, 3553(a)(1); Although the nature and

6

circumstances of this crime were very serious, from a drug quantity standpoint, in the overall realm of the drug trade, the drug amounts here are not overwhelming for a 7 year conspiracy, May 1, 1990 to April 10, 1997. (PSR ¶ 2 and ¶ 2 n.1). Compare United States v. Noriega, 117 F.3d 1206 (11th Cir. 1997). These quantities place the defendant in the low to mid level drug dealer category. Further with the impact of the recent Supreme Court holdings in Gall and Kimborough, 1.5 kilos of crack cocaine is not overly significant. It is the violence within the conspiracy where the defendant concedes, and expresses the most remorse, that raised the serious nature of the crime. Although not seeking to mitigate this fact, the defendant's background and environment played a significant part in who he was.

The characteristics of the defendant, now, were explained above. However, most importantly, it should be noted that these rehabilitated characteristics began from day one of the defendant's arrest and incarceration and was not motivated by any offer of reward from the government or this Court. Thus, the defendant's extraordinary post conviction rehabilitation was not calculated and developed on his own. When the defendant entered the BOP in 1998 he was serving 27 years with no possibility of parole, which was abolished, nor any hope of resentencing. This fact is what makes his current history and characteristics "exceptional".

(2) Punishment, seriousness and respect for the law, 3553(a)(2)(A); this was a serious offense which included a fatality. The seriousness of the drug offense is outlined above.

7

And, the fact that a fatality was involved allows the Court to add weight within the overall factors to be considered.

(3) Deterrence, 3553(a)(2)(B); the question here becomes how much incarceration would deter persons from committing these crimes? The defendant proffers that any period of 10 to 15 years of incarceration changes a persons life so significantly, in terms of his capabilities and his family structure to be an adequate deterrent.

(4) Protecting the public, 3553(a)(2)(C); this factor seems to be intertwined with 3553(a)(1), "history and characteristics of the defendant." This is a **resentencing**. The question now becomes, who is **this** defendant and how dangerous is he to the public at large? The defendant respectfully request this Court look at the attached evidence, remand him back to the district court to see and talk with the him, then make that assessment.

(5) Treatment needs, 3553(a)(2)(D); the defendant's pre-arrest drug use is well documented. The attached BOP evidence supports the conclusion that his drug dependency has been treated, physically and mentally. And, the defendant is now productive as a result of this treatment.

(6) The kinds of sentences available, 3553()a(3); This court has the discretion to apply a non-guideline sentence based on reasonableness considering all the factors since the defendant's arrest in 1997.

(7) The guideline range, 3553(a)(4); discussed above, (Fac.Sec.¶ 1) (Sent.Tr.p.11)

(8) Commission Policy Statements, 3553(a)(5); The defendant

relies on the new retroactive amendment, 711, and U.S.S.G. 1B1.10, Application Note 1(b)(iii), allowing for additional departure based on characteristics of the defendant.

(9) Avoiding unwarranted disparity, 3553(a)(6); the defendant avers that with the new sentencing scheme, <u>Booker</u>, of reasonableness and the Court's discretion to base a sentence on an individual case by case analysis, based on all the factors, disparity will become more of a fact based assessment based on the history and characteristics of the defendant being sentenced.

(10) Restitution, 3553(a)(7); this does not factor in this case as the defendant was assessed a $100. court fee, which has been paid. However, the defendant sends money from his meager prison earnings to his children and family members, thus, paying them restitution for the harm he has caused them.

<u>CONCLUSION</u>

For the foregoing reasons the defendant prays this Court will GRANT his request and remand him back to the district court, appoint counsel, and resentence him based on the current standards.

Respectfully Submitted,

<u>Jesús Pérez-Cruz</u>                                       <u>4-09-08</u>
Jesus Perez-Cruz, pro se                                    Dated
Reg. No. 14940-069
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

9

## VERIFICATION

I, Jesus Perez-Cruz, being duly sworn, upon oath, deposes and say: that the enclosed motion has been read by me and that the facts herein are true and correct to the best of my knowledge. I make this statement with the understanding of the penalty of perjury, 28 U.S.C. § 1746.

_Jesus Perez-Cruz_   4-09-08
Jesus Perez-Cruz, pro se         Dated


## CERTIFICATE OF SERVICE

I, Jesus Perez-Cruz, states that on 10 day of April, 2008 I served an original and a copies via U.S. Mail at F.C.I. Otisville, P.O. Box 1000, Otisville, NY 10963 mailbox to the following:

Clerk of The Court
U.S. District Court
District of Puerto Rico
U.S. Courthouse
150 Carlos Chardon Ave., 150
San Juan, PR 00918-1767

AUSA, Jacabed Rodriguez Coss
U.S. Attorneys Office
150 Chardon Avenue
Hato Rey, PR 00918